234

Argued and submitted September 18, affirmed October 14,
reconsideration denied November 20, 1974, petition
for review denied January 14, 1975

STATE ex rel STATE HIGHWAY COMMISSION,
*Appellant, v.* MAYEM (No. 16-345), *Respondent.*

526 P2d 1390

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*George P. Winslow, Sr.,* Tillamook, argued the cause for respondent. With him on the brief was C. Ray Johnson, Tillamook.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

This is a condemnation proceeding arising in Tillamook County for acquisition by the state, as plaintiff, of a portion of the defendant's property for a highway. The state appeals from a judgment of the circuit court based upon a jury award of compensation to the defendant in the amount of $22,600 together with interest. The state assigns as error the refusal of the trial court to allow testimony on and refusal to instruct upon the nature and effect of certain plans of improvement regarding the property

sought. The state relies upon ORS 374.055 for the proposition that the state was entitled to present such evidence and to have such an instruction in the proceedings below.

ORS 374.055 reads as follows:

"In any proceeding in eminent domain evidence of the entire plan of improvement is admissible for the purpose of determining:

"(1) Value of property taken.

"(2) All damages by reason of deprivation of right of access to any highway to be constructed, established or maintained as a throughway.

"(3) The damages which, if the property sought to be condemned constitutes a part of a larger parcel, will accrue to the portion not sought to be condemned by reason of its severance from the portion sought to be condemned and by reason of the construction of the improvement in the manner proposed."

Defendant was the owner of a parcel of real property adjacent to the Oregon Coast Highway, a portion of which the state desired to acquire for highway purposes. The project involved reconstruction of the existing highway generally along its original existing alignment, providing a wider surface, paved shoulders and a smoother grade. The project included a right-of-way taking of .57 acre of the defendant's approximately 30-acre tract. The state, by its amended complaint, sought to condemn a fee simple title.

■■ We begin with the basic concept that private property shall not be taken for public purposes without just compensation. Oregon Constitution, Art I, § 18. Just compensation is considered in terms of what the owner has lost and not what the condemnor has gained. *State Highway Comm. v. Hooper,* 259

Or 555, 560, 488 P2d 421 (1971). The measure of damages regarding a partial taking is the fair market value of the land taken plus any depreciation, caused by the taking, in the fair market value of the remaining land. *State Highway Comm. v. Hooper,* supra at 560; *State Highway Com. v. Burk et al.* 200 Or 211, 265 P2d 783 (1954).

The legislature in ORS 374.055 confirmed that the plan of the improvement is relevant to the determination of the value of the land taken and damages to the remainder. All that appears in plaintiff's amended complaint as the plan of improvement is: title in fee simple to the property in issue was to be acquired "for right of way purposes"; the highway involved "is to be widened, improved, constructed and maintained as a throughway."

We turn to the specific assignments of error before us in light of the statute permitting evidence of the entire plan of improvement to be introduced.

The state's first assignment of error relates to the trial court's sustaining of an objection to the mention of certain specific plans of improvement in the state's opening argument. In response to the objection, counsel for the state made the following statement:

> "MR. HOLLAND: Your Honor, I'm at this time attempting to outline to the jury what the engineer will say the project itself consists of, that is, what they're doing *right at this time.*" (Emphasis supplied.)

The state's second assignment of error relates to trial court's sustaining of an objection to certain testimony concerning the nature of the plan of improvement. The state, in response, made an offer of

proof in which it made clear that it intended to present evidence as to specific aspects of present construction plans. Cross-examination of the state's witness by counsel for defendant developed, in part, as follows:

"Q Well, do [the improvement plans] show what the Highway Department is going to construct in the years to come out here?

"A Yes.

"Q Two first and four lanes later?

"A No.

"Q *Do you have anything that shows anything about four lanes?*

"A No.

"Q *Well, you know there is, don't you?*

"A *Yes.*

"Q So, then, this exhibit doesn't show all of the contemplated plans for the improvement of this highway?

"A *It shows the plans for the contract that's been contracted at present.*

"Q In other words, boiled down, these are the plans the State Highway submitted to bidders to bid on the work and the contract to the successful bidder?

"A Yes.

"* * * * *

"Q (Mr. Holland) Mr. Anderson, has a contract been let on those plans?

"A Yes.

"Q And does the project that's *presently in existence* call for the construction of the project in accordance with those plans?

"A Yes." (Emphasis supplied.)

The issue of the exclusion of improvement plans arose again later in the trial:

"MR WINSLOW, SR.: Let me ask counsel a

question; I don't know: Do those plans show that this road is being built for future four lanes?

"MR. HOLLAND: No, in fact they do not show that, Your Honor. They do show one thing: That there is sufficient right of way, which is provided right in the statute—it almost suggests that the Highway Commission do it—they are acquiring sufficient right of way to accommodate future needs. Now, these future things are—they're even way out beyond speculation in this regard: The travel may change in the future; there may or may not be money ava ̆lable in the future to do this type of constructi¢n; there is—the ranking of priorities of highways around the state, where this may be done first; what projections can be made—and, *we did have a complete set of projections as to when, assuming that money was available, and assuming that sufficient right of way could be acquired to the north and the south, and assuming that this would have high priority even over that to the north of Tillamook, when it would be—traffic would justify four lanes. But, these plans show—well, they show the area is there, but what they specifically are is they show what is to be constructed at this time.* \* \* \*" (Emphasis supplied.)

It is clear from the record that the plans of improvement mentioned, and upon which testimony was offered, did not constitute the *"entire* plan of improvement" as provided in the statute and as reflected in the state's complaint. Rather, the testimony offered indicated that the plans of improvement in issue were only present plans which did not reflect the entire project's development as contemplated. Damages in a condemnation proceeding are controlled not by the extent of present use by a condemnor but by the right to use that is acquired. *Coos Bay Logging Co. v. Barclay,* 159 Or 272, 283, 79 P2d 672 (1938). The trial court was not in error in sustaining the objection to

the portion of the opening statement and the offer of proof purportedly concerning the plans of improvement in this case.

■ The state's final assignment of error relates to the refusal of the trial court to give a requested instruction to the effect that in connection with severance damages they were to assume that the improvement would be constructed and completed in the manner described in the testimony and exhibits. The evidence was that the presently planned construction was only temporary and that plaintiff had plans for a four lane highway in the future, but evidence of the exact nature of projected four lane highway was not attempted to be introduced. Thus the requested instruction was inapposite and the court correctly declined to give it.

Affirmed.